# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

ISAAC S. KNOTT,                        )
                                       )
      Plaintiff,                   )
v.                                     )      Case No. 4:25-cv-00036-CEA-CHS
                                       )
SHANE GEORGE *et al.*,                 )
                                       )
      Defendants.                  )

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff Isaac S. Knott alleges violations of his legal rights by law enforcement and the Vanderbilt Emergency Room Medical Staff. [Doc. 2]. Plaintiff, *pro se*, is proceeding *in forma pauperis* in this action. [Doc. 8]. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis*—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A and 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

### II.    Background

Plaintiff filed his Complaint on July 1, 2025, alleging a HIPAA violation, negligence claims, and false arrest against Defendants. [Doc. 2]. Plaintiff states that on September 9, 2024, he was "arrested at the Krystal's Restaurant and taken to the Bedford County Medical Center due to health concerns." [*Id.* at 1-2]. Plaintiff alleges that Defendants "violated the HIPAA laws by allowing the non-medical personel [sic] to be present while the Plaintiff was being treated." [*Id.* at

2]. Plaintiff then states repeatedly that Defendants were negligent in various ways. [*Id.*]. Finally, Plaintiff states he was subject to false arrest. [*Id.*].

## III. Discussion

### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in its complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual

content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Analysis

#### 1. HIPAA Violation

Plaintiff alleges that Defendants violated his rights under HIPAA. However, there is no private right of action under HIPAA. *Faber v. Ciox Health, LLC*, 944 F.3d 593, 596 (6th Cir. 2019); *Higdon v. Cannon*, No. 1:11-CV-194, 2012 WL 424965, at *2 n.7 (E.D. Tenn. Feb. 9, 2012) ("In any case, HIPAA enforcement action are the province of the Department of Health Human Services and the Office of Civil Rights within the Department of Justice. *See* DHHS HIPAA Enforcement Rule, 45 C.F.R. §§ 160 and 164 (2006).") Therefore, Plaintiff cannot sue for this alleged violation, and his HIPAA claim will not survive screening.

#### 2. False Arrest

Plaintiff makes multiple statements regarding his arrest. First, he states that he "was unlawfully arrested on fraudulent charges of aggravated assault, prohibited weapon, poss[ession] of para[phenalia]."[Doc. 2 at 1]. Next, Plaintiff states that he "was fraudulently arrested at the Krystal's restaurant." [*Id.*]. Finally, he states, "The cause of the Plaintiff and other citizens of color and abroad being fraudulently arrested and harassed by said Defendants is and was due to some act or acts [by Defendants]." [*Id.* at 2].

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Hart v. Hillsdale Cnty.*, Michigan, 973 F.3d 627, 635 (6th Cir. 2020). Plaintiff makes no mention of a lack of probable cause. Assuming *arguendo* that Plaintiff's claims that his arrest was fraudulent amount to stating that it lacked probable cause, Plaintiff's only facts that could arguably support the idea that his arrest lacked probable cause are

that Defendants "ha[ve] a long history of prior bad acts and/or misconduct while employed by said government entity." This vague statement is insufficient to support a claim that Plaintiff's arrest lacked probable cause. Plaintiff's other statements regarding his arrest are conclusory and devoid of factual content from which the Court could reasonably conclude that Defendants were liable for false arrest. Therefore, Plaintiff's has not stated a viable claim for false arrest.

### 3. Negligence

Plaintiff repeatedly states that Defendants were negligent in a multitude of ways: (1) "Defendants were negligent [in] that they failed to exercise ordinary care and uphold there [sic] oath to avoid injury to persons"; (2) "Defendants were negligent in failing to take reasonable precautions to protect Plaintiff from physical or mental harm"; (3) "Defendants were still further negligent by failing to erect and maintain the integrity of an [sic] law enforcement agent and medical personel [sic] by exposing the Plaintiff to such unnecessary and unprofessional acts during a hospital visit"; (4) "Plaintiff . . . being fraudulently arrested and harassed by said Defendants is and was due to some act or acts of negligence or wrongful conduct on the part of the Defendants"; and (5) [t]his negligence or wrongful conduct on the part of the Defendants, its agents and employees, was the direct proximate cause of the injuries sustained by the Plaintiff."

First, the Court finds that Plaintiff's conclusory statements lack sufficient facts to sustain a viable claim. Second, Plaintiff's negligence claims arise under state law, and his federal claims will not survive screening, as analyzed above. While supplemental jurisdiction would apply to the state law claims, the Court "may decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Assuming *arguendo* that Plaintiff has stated viable negligence claims under state law, the Court declines to exercise supplemental jurisdiction.

## IV.   CONCLUSION

For the reasons stated herein, it is hereby **RECOMMENDED**[1] that all of Plaintiff's claims be **DISMISSED**.

   **ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).